**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES EASTER, JR.,

Defendant-Appellant.

No. 97-6137
(D.C. No. CR-90-232-W &
CIV-96-2061-W)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

---

After examining appellant's brief and appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The

case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant James Easter was convicted in 1991 of various conspiracy and substantive charges relating to distribution and possession of cocaine base, and was sentenced to a total of 235 months' imprisonment. We affirmed his convictions and sentence on direct appeal in United States v. Easter, 981 F.2d 1549 (10th Cir. 1992). In December 1996, Easter filed a motion pursuant to 28 U.S.C. § 2255 challenging his convictions and sentence. The district court denied the motion without holding an evidentiary hearing. Easter now seeks leave from this court to appeal from the district court's denial of his motion. See 28 U.S.C. § 2253(c). We conclude that he has not made a substantial showing of the denial of a constitutional right, see § 2253(c)(2), and deny his request for a certificate of appealability.

Easter raises several claims both as stand-alone claims and as parts of a claim of ineffective assistance of counsel for failing to raise these claims. Because we conclude that his stand-alone claims fail on the merits and Easter therefore cannot show prejudice, we need not separately address his claim of ineffective counsel. See Strickland v. Washington, 466 U.S. 668, 697 (1984). We note that in the district court, the government argued that his claims were procedurally barred because he did not have adequate reason for failing to raise the issues on direct appeal. In his reply brief, Easter did not address the government's procedural bar argument. The district court noted that the claims

-2-

might be procedurally barred, but rejected the claims on the merits. We proceed on the same basis.

Easter first contends that the government violated his due process rights by not producing, and possibly destroying, portions of a videotape that he contends would have corroborated his trial testimony. See Brady v. Maryland, 373 U.S. 83, 87 (1963). It is unclear whether Easter contends that the failure to produce this supposedly exculpatory evidence prejudiced him at trial or at sentencing, where the district court apparently enhanced his sentence two points for obstruction of justice due to his false trial testimony. However, Easter has failed to identify what the alleged exculpatory evidence was, how it would have corroborated his trial testimony, and how it would have affected his convictions or sentence. We conclude this vague contention of error is without merit.

Easter next contends that a videotape introduced into evidence was inadmissible because it was obtained without a warrant and therefore violated the Fourth Amendment and federal wiretapping statutes this court stated should apply to video surveillance. See United States v. Mesa-Rincon, 911 F.2d 1433, 1437 (10th Cir. 1990). The videotape, filmed with a government informant's consent in a hotel room rented by government agents for the informant's use, showed the informant giving a package containing a kilogram of cocaine base to Easter and Easter then leaving the room with the package. Because the government had the

informant's consent to videotape the events in the hotel room, there was no Fourth Amendment or statutory violation. See United States v. McKneely, 69 F.3d 1067, 1073 (10th Cir. 1995).

Finally, Easter challenges the validity of the sentence imposed under 21 U.S.C. § 841(b)(1) and U.S.S.G. § 2D1.1 as a result of his conviction of cocaine base as opposed to cocaine. In his direct appeal, we rejected his argument that these provisions were unconstitutionally vague because Congress failed to define cocaine base, holding that "'cocaine base' is sufficiently defined and distinguishable from other forms of cocaine to prevent arbitrary and discriminatory enforcement." Easter, 981 F.2d at 1558. Easter now argues that because the terms "cocaine" and "cocaine base" are used interchangeably in the scientific community, the terms are ambiguous, and under the rule of lenity, he should have received a lesser sentence based on possession of cocaine rather than cocaine base. He does not question the jury's finding that the substance he possessed was cocaine base or "crack" cocaine. To the extent Easter raises a different argument from the one he raised on direct appeal, we find it equally unpersuasive. See United States v. Fields, 113 F.3d 313, 324-25 (2d Cir.) (rejecting rule of lenity argument in similar circumstances), cert. denied, 118 S. Ct. 434 (1997); United States v. Sloan, 97 F.3d 1378, 1382-83 (11th Cir. 1996)

(same); <u>United States v. Jackson</u>, 64 F.3d 1213, 1219-20 (8th Cir. 1995) (same);

<u>United States v. Blanding</u>, 53 F.3d 773, 776 (7th Cir. 1995) (same).

The application for a certificate of appealability is DENIED. The appeal is

DISMISSED. The mandate shall issue forthwith.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge